MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd. Suite 140
Mountain View, CA 94043
Tel.: (650) 694-4700
Fax: (650) 694-4818
Email: ccmoran@moranlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

In Re:                                   ) Chapter 13
                                         )
STEVE BELL,                              ) Bankruptcy No. 05-34212
                                         )
                                         ) Date: June 29, 2007
                                         ) Time: 9:30
                                         ) Place: 23rd Floor
                                         ) 235 Pine St. San Francisco, CA
                        Debtor.          )
_____  ) HON. THOMAS E. CARLSON

**MOTION FOR DAMAGES FOR VIOLATION OF STAY**

The debtor moves the court for an award of damages and attorneys fee for violation of the automatic stay of 11 U.S.C. 362 against Clinical Laboratories of Hawaii, LLP; and NCO Financial Systems, Inc.

**FACTS**

This case was filed by Steve Bell on October 12, 2005.[1] At the commencement of the case, Debtor was indebted to Clinical Laboratories of Hawaii, Inc. ("Clinical Laboratories"). The debt to Clinical Labs of Hawaii (the "Claim") was scheduled and the creditor included on the creditor matrix. (Declaration of Cathleen Cooper Moran, Ex. A).

---

[1] The Debtor received a discharge on March 31, 2007.

1  The court gave notice of the commencement of the case to all creditors on
2  November 2, 2005.  (Declaration of Cathleen Cooper Moran, Ex.  B).
3  In addition, counsel for Debtor gave notice to all creditors  on March 30, 2006 of a
4  hearing on the firm's fee application and a second notice on April 4, 2006.  Included in
5  the creditors given notice was Clinical Laboratories.
6  The court gave notice of entry of the debtor's discharge to all creditors on March
7  14, 2007.

**Collection notices and dunning letters**

The above notices notwithstanding,  Debtor received at least 17 post filing statements and dunning letters directly from Clinical Labs on this account, the most recent on July 27, 2006.  Declaration of Steve Bell, paragraphs 2 through 18.

Debtor received a collection notice on this account from NCO Financial Systems, Inc. dated March 12, 2007.  NCO alleges it is collecting for Clinical Laboratories. Declaration of Debtor, paragraph 19.

**Report to Credit Reporting Agencies**

In addition to continuing collection action directed at the Debtor, Clinical Laboratories or its collection agency reported the Claim as being "In Collection" to credit reporting agencies.  Declaration of Debtor, paragraph 20.  In fact, the report obtained by Debtor from TransUnion shows that three apparently separate accounts at Clinicial Labs have been reported as being in collection.  Declaration of Debtor, Exhibit S, pages 5 and 6.

**Consequences of  Post Petition Reporting to  Credit Reporting Agencies**

In February and March, 2007, Debtor sought to rent an apartment in the San Francisco peninsula area, close to his business activities.  Landlords or their agents required Debtor to pay a fee to obtain a credit report and stated to him that they wanted FICO scores in the range of 650 to 700.  Debtor spent approximately four weeks unsuccessfully looking for an apartment to rent in the Belmont/Menlo Park/ Palo Alto area. .  After being repeatedly turned down, Debtor obtained a report entitled My FICO

from TransUnion, a copy of which is attached to Declaration of Debtor, Exhibit S. It shows a FICO score of 615.

Debtor was unable to obtain an apartment on the Peninsula and was reduced to subletting a room in Berkeley, a considerable distance from his business focus. As a result Debtor incurs continuing expenses for commuting a far greater distance than he wished as a result of the damage to his credit score.

## LEGAL AUTHORITY

The automatic stay of § 362 stays actions against the debtor; the debtor's property; and the property of the estate from efforts to collect or recover a claim against the debtor. A creditor is liable for the debtor's damages and attorneys fees when the violation of the stay is willful.

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re Bloom*, 875 F.2d 224, 227 (9th Cir., 1989)

## ANALYSIS

**Clinical Labs.**

No fewer than three notices of the commencement of this case, one from the court and two from counsel, went to Clinical Labs between November, 2005 and April, 2006. The address of Clinical Labs on the creditor matrix is the same as the Clinical Labs address on the bills sent to the Debtor. The element of knowledge is clearly established yet Clinical Labs continued to send waves of bills and collection letters unabated.

The actions of Clinical are clearly intentional: it sent letters and then turned the Claim over to a collection agency. These are not actions that are inadvertent; they are purposeful attempts to collect a debt.

**NCO Financial**

In October, 2006 Clinical Labs turned the Claim over to NCO Financial , ("NCO") and NCO reported three unpaid accounts to the credit reporting agencies. Declaration of

Debtor, paragraphs 20 and 21. These accounts are listed in the Transunion report in the section on Negative Items, Declaration of Debtor, Exhibit S, page 5. TransUnion explains on page one of the report that collections and payment delinquencies depress a credit score. NCO is an agent of Clinical Labs and charged with what its principal knew.

**Damages**

As a direct result of a low credit score and the recent collection referral by Clinical Labs, the Debtor was unable to qualify for an apartment on the Peninsula, close to his business activities in San Jose. As a result, he drives to San Jose from his East Bay apartment three times a week. Each trip is approximately 70 miles longer than it would have been if he had been able to rent on the Peninsula and incurs a $4 bridge toll on each trip, expenses that he would not incur but for the consequences of post petition collection actions by Clinical and its agent NCO. Declaration of Debtor, paragraph 24.

## CONCLUSION

Debtor prays for an award of damages of $500 for each post petition statement or collection letter sent by Clinical or NCO and $2000 in damages for additional travel expenses caused by the violation of the stay; an order requiring deletion from the debtor's credit report with each of the three credit reporting agencies of any negative reports made after the commencement of the case; and an award of the attorneys fees incurred in this motion.

MORAN LAW GROUP

Date: _____    _____
                            CATHLEEN COOPER MORAN
                            Attorney for Steve Bell