

Signed and Filed: June 27, 2007

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 05-34212 TEC 13 |
| STEVE BELL, | ) Chapter 13 |
| Debtor. | ) |

## COURT'S OBSERVATIONS REGARDING
## DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF STAY

The court has the following observations regarding Debtor's Motion for Damages For Violation of Stay, which it would like the parties to address at the June 29, 2007 hearing on the Motion.

Clinical Labs' defenses: (1) that it was unable to match the notice of commencement of case because the name of the patient to whom Clinical had provided services did not match the name on the notice, and (2) that it has at least 13 accounts for patients named Steve or Steven Bell, do not by themselves establish that Clinical Labs should not be charged with knowledge of the automatic stay. In re Gorridge, 348 B.R. 789, 793 (Bankr. D. Idaho 2006).

The court notes that the notice of commencement of case included the bankruptcy case number and the name of Debtor's attorney. There is no evidence that Clinical Labs made an effort to inquire further with the court or counsel regarding Debtor's identity. Nor is there evidence that Clinical Labs reviewed the electronically and publicly available schedules, which Debtor filed prior to the date the notice of commencement of case was served, and which identified one of the several accounts that were the subject of the postpetition letters mailed to Debtor by Clinical Labs and the collection agency.

The court also notes the following weaknesses in the evidence submitted by Debtor regarding damages. There is no evidence regarding the amount by which the motel charges exceeded the amount Debtor would have had to pay for four weeks rent. There is no evidence that each letter caused Debtor actual damages of $500, or that Debtor's 615 FICO score would have been 650-700 had the Clinical Labs accounts not been reported to collections. There is no non-hearsay evidence that a 650-700 FICO score was needed for Debtor to find housing closed to his business focus.

The court encourages counsel for both parties to appear by telephone at the June 29th hearing. Counsel may arrange a telephonic appearance by contacting Calendar Clerk Gordon Hom at 415-268-2362 or at gordon_hom@canb.uscourts.gov by no later than 12:00 p.m. on Thursday June 28, 2007.

If the parties wish to continue the motion to take account of the court's observations and to submit further evidence, or to try

-2-

Case: 05-34212    Doc# 51    Filed: 06/28/07    Entered: 06/28/07 09:51:26    Page 2 of 4

1  to settle their dispute, the court will grant a continuance upon
2  stipulation of the parties.
3                          **END OF DOCUMENT**

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Cathleen Cooper Moran, Esq.<br>Moran Law Group, Inc.<br>1674 N Shoreline Blvd. #140 |
| 4 | Mountain View, CA 94043-1375 |
| 5 | Iain A. MacDonald, Esq.<br>MacDonald & Associates |
| 6 | Two Embarcadero Ctr., Ste. 1670<br>San Francisco, CA 94111-3930 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |