

Signed and Filed: August 20, 2007

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-34212 TEC 13 |
| STEVE BELL, | Chapter 13 |
| Debtor. | |

### DECISION AFTER TRIAL RE DEBTOR'S MOTION
### FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY

This matter, in which Debtor seeks damages from Clinical Laboratories of Hawaii, LLP for its violation of the automatic stay, came to trial on July 31, 2007. Cathleen Cooper Moran appeared for Debtor. Iain A. Macdonald appeared for Clinical Labs. Upon due consideration, and for the reasons stated herein, the court determines that Debtor is not entitled to any damages or attorneys fees. This decision constitutes the court's findings of fact and conclusions of law.

-1-

**FACTS**

Debtor filed for chapter 13 bankruptcy relief on October 12, 2005. Starting on January 10, 2006 and continuing to March 12, 2007, Clinical Labs and a collection agency acting on its behalf (Agent) sent Debtor seventeen invoices and collection letters regarding prepetition debt owing by Debtor to Clinical Labs (the Debt). Debtor was annoyed by the invoices and collection letters and testified that on several occasions he returned the correspondence to Clinical Labs and the Agent with a handwritten notation explaining that Debtor had filed for bankruptcy and including the bankruptcy case number. Debtor did not keep copies of his return correspondence. Debtor never received a response from Clinical Labs or the Agent.

Clinical Labs and the Agent never garnished Debtor's wages to collect the Debt, and never attempted to proceed against Debtor's assets to satisfy the Debt. The Agent did call Debtor in an attempt to collect the Debt.

In November 2006, either Clinical Labs or the Agent reported to credit agencies that the Debt was in collection status. Debtor asserts that this improper reporting damaged his credit score to a point that in February and March 2007 he was unable to rent an apartment close to San Jose. Unable to find an apartment where he wanted, Debtor sublet an apartment in Berkeley, and travels to San Jose three times a week.

At some point during his apartment search, Debtor contacted his bankruptcy counsel regarding the collection letters and invoices he was receiving from Clinical Labs and its Agent. On May

-2-

Case: 05-34212    Doc# 60    Filed: 08/20/07    Entered: 08/21/07 10:43:29    Page 2 of 6

25, 2007, without attempting to contact these creditors regarding their ongoing stay violation, Debtor's bankruptcy counsel filed a motion for damages for violation of the stay. Because Debtor's bankruptcy case file had been closed on May 24, 2007, filing this motion required reopening the bankruptcy case and paying a $235 fee.

The stay-violation motion alleges that Debtor suffered damages totaling $14,700 as follows: (1) $500 for each postpetition statement or collection letter sent ($8,500); (2) $2,000 for expenses incurred in commuting from Berkeley to San Jose; and (3) $4,200 estimated[1] attorneys fees to prosecute the stay-violation motion.

On July 3, 2007, after a duly-noticed hearing, the court entered an order finding that Clinical Labs and the Agent had willfully violated the automatic stay and setting a trial re damages for July 31, 2007.[2]

At trial, the court found that Debtor had not suffered any legally cognizable harm as a result of the actions of Clinical Labs and the Agent. More specifically, the court found that Debtor was not hindered in renting an apartment because of the reported status of his Debt to Clinical Labs. Rather, the court found it more likely that Debtor was unable to rent an apartment because of his recent bankruptcy and because he did not have a job. Debtor failed

---

[1] Counsel's declaration in support of the motion purports to attach, but does not in fact attach, copies of her billing records.

[2] Debtor settled with the Agent before trial. The terms of that settlement are not in the record.

to introduce any evidence that he suffered harm as a result of receiving collection letters and calls from the Agent. The court then took under submission the question of whether Debtor should be awarded attorneys fees.

**DISCUSSION**

Debtor is entitled to recover attorneys fees reasonably incurred as a result of Clinical Labs' willful stay violation. <u>In re Risner</u>, 317 B.R. 830, 839-40 (Bankr. D. Idaho 2004). Although Debtor need not prove actual damages apart from his attorneys' fees and costs, the court need not award fees and costs when a debtor's decision to file a motion and commence a contested matter for damages is unreasonable.

> [T]here is . . . a consensus in the case law that, in determining reasonable damages under § 362(h), the bankruptcy court must examine whether the debtor could have mitigated the damages. . . . When a creditor's conduct is not particularly egregious and the debtor makes no effort to correct the problem before racing into Court, there is no absolute requirement that sanctions be imposed.

<u>Id.</u> at 839 (citation omitted).

I find that the attorneys fees incurred by Debtor to rectify the stay violation were unreasonable in this case. Debtor was not facing any exigency, such as wage garnishment, foreclosure, or car repossession. Given how long the stay violation had been occurring, the absence of any exigency or egregious conduct, and that Debtor's counsel could not file the stay-violation motion without reopening the bankruptcy case, counsel should have sought an informal resolution before filing a formal motion. Specifically, counsel should have written a letter to the creditors, notifying them of their stay violation and providing the

-4-

facts needed to link the Debt with Debtor's bankruptcy case. Debtor would have been better served by this approach than by counsel's filing a motion seeking a significant amount of damages that could not be substantiated. The filing of the motion created Debtor's only provable damage, and may never have been needed. The court thus declines to award any fees to Debtor because such fees were not reasonably incurred.

**\*\*END OF DECISION\*\***

| | |
|---|---|
| 1 | **<u>Court Service List</u>** |
| 2 | |
| 3 | Cathleen Cooper Moran, Esq.<br>Moran Law Group, Inc.<br>1674 N Shoreline Blvd. #140 |
| 4 | Mountain View, CA 94043-1375 |
| 5 | Iain A. MacDonald, Esq.<br>MacDonald & Associates |
| 6 | Two Embarcadero Ctr., Ste. 1670<br>San Francisco, CA 94111-3930 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |