**Signed and Filed: October 15, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-34212 SFC |
| STEVE BELL, | Chapter 13 |
| Debtor. | |

### MEMORANDUM DECISION FOLLOWING REMAND

On September 22, 2008, this court held a hearing regarding Debtor's request for attorneys fees incurred in a motion to remedy a violation of the automatic stay by Clinical Laboratories of Hawaii, LLP (CLH). Cathleen Cooper Moran appeared for Debtor. Iain A. Macdonald appeared for CLH.

It is undisputed that creditor CLH violated the automatic stay when its collection agent, NCO, improperly reported amounts Debtor owed in collection after CLH received notice of Debtor's bankruptcy. Debtor filed a motion against both CLH and NCO seeking damages for the stay violation. NCO settled with Debtor before trial.

Following a brief trial, this court ordered CLH to correct the

MEMORANDUM DECISION
FOLLOWING REMAND               -1-

credit reports, but found that Debtor had not suffered any other harm as a result of the stay violation. Because Debtor had been under no exigency and had not sent a letter to CLH before filing the motion, this court declined to award Debtor fees, citing In re Risner, 317 B.R. 830, 839-40 (Bankr. D. Idaho 2004).

Debtor appealed this court's failure to award fees, and the BAP reversed. The BAP noted that CLH had not corrected the credit report promptly upon the filing of the motion, but only after it was ordered to do so by the court. Risner did not apply, the BAP reasoned, because CLH's failure to cure the stay violation promptly after receiving the motion showed that a formal motion and court order were necessary. The BAP stated "at minimum, debtor is entitled to his attorney's fees from the time of the settlement until the time CLH corrected debtor's credit reports."

Upon remand, CLH introduced evidence that NCO had in fact promptly corrected the credit reports, but had not notified Debtor of this fact. I determine that this undisclosed cure does not justify a revisiting of the Risner issue. Debtor could not be at ease, and the cure of the stay violation was therefore not complete, until Debtor received notice that his credit reports had been corrected. That happened only after trial and the issuance of a court order, as the BAP noted.

Pursuant to the mandate of the BAP, I determine that Debtor is entitled to recover fees and expenses incurred from the date of the NCO settlement through the CLH motion to vacate following remand, including fees and expenses incurred on the appeal. The amounts sought by Debtor's counsel for this work are reasonable and necessary. Debtor should have been awarded fees at the original

**MEMORANDUM DECISION**
**FOLLOWING REMAND**                -2-

trial, and the appeal was necessary to correct this court's error. I decline to award fees for work done prior to the NCO settlement, because much of it was related to damage claims on which Debtor did not prevail (as were much of the fees incurred from the date of the NCO settlement through trial). After giving full credit to CLH for the amount NCO paid in settlement (not revealed here because the settlement was confidential), this court awards Debtor $14,962.00 for fees, and $1,972.10 for expenses.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | |
| 3 | Cathleen Cooper Moran, Esq. |
|   | Moran Law Group, Inc. |
| 4 | 1674 N Shoreline Blvd. #140 |
|   | Mountain View, CA 94043-1375 |
| 5 | |
|   | Iain A. Macdonald, Esq. |
| 6 | Macdonald & Associates |
|   | 221 Sansome Street |
| 7 | San Francisco, CA 94104-2323 |
| 8 | |
| ... | |
| 28 | |